## Robinson v. Cunningham

*Anthony P. Sidari*, for plaintiff.
*J. T. Griffith*, for defendant.

BIGELOW and OLSZEWSKI, JJ., July 9, 1968.—Plaintiff instituted suit by filing a summons in trespass on January 3, 1967, for personal injuries arising out of an automobile collision which occurred on December 24, 1964, in Fairview Township, York County, Pa. At the time of this accident plaintiff was a resident of East Orange, New Jersey, and defendant was a resident of Luzerne County, Pa.

After plaintiff's complaint was filed defendant in his answer by way of new matter raised the defense of the Statute of Limitations, as more than two years had expired from the date of the accident to the date of the issuance of the summons.

Plaintiff, on the other hand, in her reply admits that more than two years elapsed between the date of the accident and the institution of the suit, but further contends that as defendant was a resident of Ohio for a six-month period between December 24, 1964, and

December 29, 1966, the Statute of Limitations was tolled for this six-month period, i.e., to June 24, 1967, by virtue of the Act of May 22, 1895, P. L. 112, sec. 1, 12 PS §40, which provides:

". . . In all civil suits and actions in which the cause of action shall have arisen within this State the defendant or defendants in such suit or action, who shall have become non-resident of the State after said cause of action shall have arisen, shall not have the benefit of any statute of this state for the limitations of actions during the period of such residence without the State".

In the case of Grabowski v. Noltes, 11 D. & C. 2d 627, the Allegheny court of common pleas held that the Statute of Limitations in a motor vehicle accident case is not tolled by reason of the nonresidency of defendant because while the Act of 1895, referred to above, was passed to prevent the running of the Statute of Limitations where a defendant could not be served within the Commonwealth of Pennsylvania by reason of his absence or nonresidence, the Act of May 14, 1929, P. L. 1721, as amended 75 PS §2001, specifically authorizes service upon a resident who subsequently becomes a nonresident by service on the Secretary of the Commonwealth in any civil proceeding instituted in the court of the Commonwealth arising out of any accident in which a motor vehicle was involved. In the Grabowski case, the court concluded that the said Act of 1895 is not applicable to those situations where service can be effected pursuant to the Act of 1929, supra.

Furthermore the court in the Grabowski decision stated that the procedural rules of the Supreme Court, 2076 to 2100 inclusive, relate to civil procedure governing defendants who are nonresidents or conceal their whereabouts and that these rules provide for the suspension of any part of the Act of 1929 and its amend-

ments as may be in conflict therewith, but in the main establish as procedural rules the substantive provisions of the Act of 1929.

Plaintiff, however, contends that since Pennsylvania Rule of Civil Procedure 2100 providing for suspension of certain Acts of Assembly, does not specifically suspend the Act of 1895, it cannot be held to have been repealed by implication and thus it is still in effect and plaintiff may proceed under either act, particularly in view of the fact that section 5 of the Act of 1929 specifically states that:

"This act shall be construed to extend the right of service of process upon nonresidents and upon residents who subsequently become nonresidents or who conceal their whereabouts, and shall not be construed as limiting any provisions for the service of process now or hereafter existing": 75 PS §2005.

This section, however, by its terms relates solely to service of process. It is not contended that the Act of 1929 limits any provisions for service of process but it is maintained that this act makes inapplicable the Act of 1895, supra, to the Statute of Limitations as to plaintiffs who can obtain service on nonresident defendants under the Act of 1929, supra. In the Grabowski decision, supra, the court quoted the Supreme Court in Hunter v. Bremer, 256 Pa. 257, at page 264, to wit:

" 'It is plain that the residence intended by this act is of the same character as that contemplated by the statute dealt with in the Leishman case; in other words, the legislative purpose was to provide that, when a resident of Pennsylvania incurs legal obligations within the Commonwealth, *if he subsequently leaves this jurisdiction and becomes nonresident to such an extent that he cannot be reached by the ordinary process of a Pennsylvania court, while so nonresident, he is not entitled to the benefit of our statutes of limitation*' ".

The Act of May 14, 1929, supra, thus makes service upon the Secretary of the Commonwealth the ordinary process of a Pennsylvania court in civil proceedings rising out of motor vehicle accidents. While the decision of the Court of Common Pleas of Allegheny County is not binding on the Court of Common Pleas of Luzerne County, it is nonetheless persuasive authority: 1 Standard Pa. Prac. 377, chapter 2, §320. No decision of any Pennsylvania court reaching a contrary result has been called to our attention: Zarlinsky v. Laudenslager, 73 York 66, reaches the same result. We agree with the reasoning and conclusion in the Grabowski and Zarlinsky decisions. We do not agree with plaintiff's contention that she has a choice of proceeding under the Act of 1895, supra, or the Act of 1929, supra, and that whether and when the Statute of Limitations expires depends upon the selection by a plaintiff as to whether she awaits the return of defendant to the Commonwealth or proceeds under the Act of 1929.

The motion of defendant for judgment on the pleadings will be granted as this action was instituted after the two-year Statute of Limitations had expired.

### ORDER

Now, July 9, 1968, at 10:10 a.m. (EDST), defendant's motion for judgment on the pleadings is sustained and judgment is directed to be entered in favor of defendant against plaintiff.